VANMETER, J., DISSENTING.
I respectfully dissent. The Court of Appeals correctly concluded that Rodriguez v. United States, --- U.S. ----, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015) does not compel suppression of the evidence seized as a result of the dog sniff. In Rodriguez, the Court held:
In [Illinois v. ] Caballes , [543 U.S. 405, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005) ], however, we cautioned that a traffic stop "can become unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission" of issuing a warning ticket. 543 U.S., at 407, 125 S.Ct. 834. And we repeated that admonition in [Arizona v. ] Johnson : The seizure remains lawful only "so long as [unrelated] inquiries do not measurably extend the duration of the stop." 555 U.S., [323] at 333, 129 S.Ct. 781 [172 L.Ed.2d 694 (2009) ]. See also Muehler v. Mena, 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005) (because unrelated inquiries did not "exten[d] the time [petitioner] was detained[,] ... no additional Fourth Amendment justification ... was required"). An officer, in other words, may conduct certain unrelated checks during an otherwise lawful traffic stop. But contrary to Justice Alito's suggestion, post, at 1625, n. 2, he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual.
Beyond determining whether to issue a traffic ticket, an officer's mission includes "ordinary inquiries incident to [the traffic] stop." Caballes, 543 U.S., at 408, 125 S.Ct. 834. Typically such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. See Delaware v. Prouse, 440 U.S. 648, 658-660, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). See also 4 W. LaFave, Search and Seizure § 9.3(c), pp. 507-517 (5th ed. 2012). These checks serve the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly. See Prouse, 440 U.S., at 658-659, 99 S.Ct. 1391 ; LaFave, Search and Seizure § 9.3(c), at 516 (A "warrant check makes it possible to determine whether the apparent traffic violator is wanted for one or more previous traffic offenses.").
135 S.Ct. at 1614-15.
In Rodriguez, the Court reaffirmed that the "ordinary inquiries incident to the traffic stop" may be validly conducted.[5] Officer *35 Sorrell did precisely that following his initial approach of Moberly in the vehicle. The facts of the stop are (i) vehicle validly stopped for no insurance, (ii) late at night (or early in the morning), (iii) a driver with no proof of ownership, (iv) driving someone else's vehicle under a claim of "permission," (v) extreme nervousness, (vi) visible sweat on brow (during December), (vii) continuous looking to right side of vehicle, and (viii) purposefully blowing smoke into portions of the vehicle.[6] Given just the first four of these, standing alone, Officer Sorrell's checking those databases for information relating to the driver and the vehicle was not only permissible, but failure to do so would have been irresponsible.
"Once the purpose of the initial traffic stop is completed, an officer cannot further detain the vehicle or its occupants unless something happened during the stop to cause the officer to have a 'reasonable and articulable suspicion that criminal activity [is] afoot. ' " United States v. Davis, 430 F.3d 345, 353 (6th Cir. 2005) (quoting United States v. Hill, 195 F.3d 258, 264 (6th Cir. 1999) ) (emphasis added). Reasonable suspicion is assessed based on the totality of the circumstances and "requires specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant the continued detention of a motorist after a traffic stop." United States v. Smith, 263 F.3d 571, 588 (6th Cir. 2001) (citing Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ). "[W]ithout such reasonable suspicion, all the officer's actions must be 'reasonably related in scope to circumstances justifying the original interference." ' United States v. Townsend, 305 F.3d 537, 541 (6th Cir. 2002) (quoting Hill, 195 F.3d at 264 ).
Although the majority gives lip-service to the totality of the circumstances relevant to the reasonable suspicion calculus, it does not apply it. The majority and the Court of Appeals have focused on four facts related to Moberly's nervousness, sweating, furtive glances and smoking, but in actuality, four other factors were known to Officer Sorrell as well: no proof of insurance, no proof of ownership, late at night (early morning), claim of driving with permission. In my view, the totality of those factors, even without the database search revealing recent drug and gun charges, gave Officer Sorrell reasonable suspicion to call in the canine unit for further investigation.[7]
*36 I would affirm the Fayette Circuit Court's judgment.

The facts in Rodriguez were that the police observed Rodriguez veer onto the shoulder of the highway, in violation of state law. After stopping the vehicle and asking a few questions, the officer obtained the driver's license, registration and proof of insurance, running a record's check on those items. The officer returned to the vehicle, obtained the passenger's driver's license and questioned him. The officer returned to his patrol car and ran a record's check on the passenger. Finally, the officer issued a written warning and returned all documents to the occupants. These record checks took approximately 30 minutes. Only at that point did the officer begin questioning about drugs. The Supreme Court deemed the first portion of the stop, i.e., the officer's three trips to Rodriguez's vehicle and everything in between, including two records checks, of the driver and then of the passenger, to be the "ordinary inquiries incident to the traffic stop." Rodriguez, 135 S.Ct. at 1615 (quoting Caballes, 543 U.S. at 408, 125 S.Ct. at 834 ). Neither in the majority opinion in Rodriguez, nor in her dissent in Caballes, did Justice Ginsburg question the propriety of a police officer asking for license, registration, and insurance, and then checking available records for verification and outstanding warrants. Id. ; Caballes , 543 U.S. at 418, 125 S.Ct. at 843 (Ginsburg, J., dissenting).

The majority compliments Moberly for not blowing smoke in Officer Sorrell's face and instead blowing it towards the interior of the car. However, Moberly had a third alternative: put the cigarette out!

In United States v. Santos, 403 F.3d 1120, 1132 (10th Cir. 2005), the court stated that "a prior criminal history is by itself insufficient to create reasonable suspicion.... Even people with prior convictions retain Fourth Amendment rights; they are not roving targets for warrantless searches. But in conjunction with other factors, criminal history contributes powerfully to the reasonable suspicion calculus." (citation omitted).